1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE,<br>CDCR #F-74464,<br><br>                    Plaintiff,<br><br><br>        vs.<br><br><br>KAMALA HARRIS, Attorney General,<br>California,<br><br>                   Defendant. | Civil No.   11-0898 AJB (JMA)<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

     Plaintiff, a prisoner currently incarcerated at the Substance Abuse Treatment Facility at California State Prison in Corcoran, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

     Plaintiff claims the California Attorney General has "blocked [his] access to petition the government for a redress of grievances," by "refus[ing] to acknowledge [his] letters" and several lawsuits he has filed in the Eastern District of California. *See* Compl. at 2-4.

/ / /

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

## I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  "Under the PLRA [Prison Litigation Reform Act], all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period  immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850.  Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2.  Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action

1
2
3

...without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

4
5
6

Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of the filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

7

**II.   VENUE**

8
9
10
11
12
13
14
15
16
17
18
19
20

Upon further review, the Court also finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

21
22
23
24
25
26

Plaintiff alleges constitutional violations arising out of events occurring in the Eastern District of California. Moreover, the only Defendant, the Attorney General of the State of California, Kamala Harris, is alleged to reside in Sacramento, which is also in the Eastern District of California. *See* 28 U.S.C. § 84(b). Because Plaintiff's claims are not alleged to have arisen in either San Diego or Imperial Counties and no Defendant is alleged to reside here, the Southern District of California is the improper venue. *Id.* § 84(d).

27

/ / /

28

/ / /

1    Therefore, the Court finds venue is proper in the Eastern District of California pursuant

2    to 28 U.S.C. § 84(b), but not in the Southern District of California, pursuant to 28 U.S.C.

3    § 84(d).  *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

4    **III.    CONCLUSION AND ORDER**

5        For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion to Proceed IFP

6    [ECF No. 2] is DENIED and the action is DISMISSED without prejudice for failure to prepay

7    the $350 filing fee mandated by 28 U.S.C. § 1914(a) and for lack of proper venue pursuant to

8    28 U.S.C. § 1391(b) and § 1406(a).

9

10

11   DATED:  May 4, 2011

12                                          Hon. Anthony J. Battaglia

13                                          U.S. District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28